IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ELLIS E. W. TALMASEY,                  )
                                       )
            Plaintiff,                 )
                                       )
                                       )          CIV-07-548-HE
v.                                     )
                                       )
GOV. BRAD HENRY, et al.,               )
                                       )
            Defendants.                )

<u>REPORT  AND  RECOMMENDATION</u>

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this civil

rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  For the

following reasons, it is recommended that the cause of action be dismissed without prejudice

upon filing.

Plaintiff states that he is in custody at the Union City Community Correctional Center.

However, Plaintiff's Complaint fails to provide relevant information with respect to his

present confinement, including any information concerning the conviction and sentence he

is serving.  Although Plaintiff has named as Defendants numerous Oklahoma officials, his

only stated claims are: "discrimination," "NO Impartiality - bias," and "Violation of the

Rackettering [sic] prevention Act per o.s."  In an attempt to interpret the vague claims

asserted in the Complaint, the undersigned has considered Plaintiff's request for relief.

However, the request is no more illuminating than the remainder of the Complaint. In his

Request for Relief, Plaintiff seeks "[a] personal appearance revelent [sic] to Pardon and Parole issues for Parole," "[a]n appointment of any ethnic backround [sic] representive [sic] per minority population," "[m]onetary compensation due to Habeas Corpus/Civil rights violations," "[a]ll criminal records destroyed and deleted," and "full restoration of citizens rights (voting) and/or governor's Pardon."

As best as his claims can be discerned, it appears that Plaintiff is complaining about the procedures followed during a March 27, 2007 parole review proceeding which is identified as a "jacket review." Public records reflect that Plaintiff is currently incarcerated serving a five-year revocation sentence for his conviction for Assault and Battery with a Dangerous Weapon entered in the District Court of Seminole County, Case No. CF-2004-139. <http://www.oscn.net> (Docket sheet in Ellis Wise Talamasey v. State of Oklahoma, Case No. RE-2006-60, Oklahoma Court of Criminal Appeals, accessed June 11, 2007); <http://www.doc.state.ok.us> (Offender information regarding Ellis W. Talamasey a/k/a Ellis E. Talmasey a/k/a Ellis Wise, Oklahoma Department of Corrections # 161558, accessed June 11, 2007). Plaintiff's appeal of the revocation of his sentence entered for this conviction is pending in the Oklahoma Court of Criminal Appeals. <http://www.oscn.net> (Docket sheet in Ellis Wise Talamasey v. State of Oklahoma, Case No. RE-2006-60, Oklahoma Court of Criminal Appeals, accessed June 11, 2007).

To the extent Plaintiff is seeking habeas relief pursuant to 28 U.S.C. § 2254 for alleged constitutional violations related to his conviction and sentence entered in Case No. CF-2004-139 or the revocation of that sentence, Plaintiff has not shown that he has exhausted

available state remedies with respect to any such claims.  Therefore, these claims should be dismissed without prejudice for failure to demonstrate exhaustion of state remedies as required by 28 U.S.C. § 2254(e)(2).

To the extent Plaintiff is challenging his individual parole hearing and seeks a new parole review, his cause of action is construed as a habeas corpus action. Herrera v. Harkins, 949 F.2d 1096, 1097 (10th Cir. 1991).  Plaintiff has not shown that he has exhausted available state remedies with respect to his challenge to the result of his parole hearing.  Therefore, this claim should be dismissed without prejudice for failure to demonstrate exhaustion of state remedies.

To the extent Plaintiff seeks monetary damages or injunctive or declaratory relief for alleged constitutional deficiencies in parole procedures, his cause of action seeks relief under 42 U.S.C. § 1983.  See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 3 (1979)(§ 1983 due process challenge to parole procedures); Herrera, 949 F.2d at 1097 ("A prisoner may use section 1983 to attack  parole procedures."); Richards v. Bellmon, 941 F.2d 1015, 1018 n. 3 (10th Cir. 1991)("A single complaint may seek relief partly under 28 U.S.C. § 2254 and partly under 42 U.S.C. § 1983."). The Plaintiff's 42 U.S.C. § 1983 action has been reviewed to determine its sufficiency pursuant to 28 U.S.C. § 1915A.

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental

entity." 28 U.S.C. § 1915A(a).  On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b).

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.   A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110.  The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7.  The Oklahoma Pardon and Parole Board ("Board") has wide discretion to recommend that a request for parole be granted or denied and also to establish the procedures for parole consideration. See

Okla. Stat. tit. 57, §§ 332.7, 332.8; <u>Shirley v. Chestnut</u>, 603 F.2d 805, 807 (10th Cir. 1979).

Oklahoma law only requires that the Board act as "the public interest requires." Okla. Stat.

tit. 57, § 354.  Plaintiff asserts in his Complaint that the Board's committee members do not

reflect the racial or ethnic diversity of Oklahoma's citizens, that the Board's decision was

"biased," that the Board's investigator is "underqualified," that there is "no overseeing

attorney," that a "conflict of interest" exists, that the Board relies on information presented

by prosecutors or unidentified "out-side sources"in reviewing a parole request, and that he

was not given a copy of the minutes of the Board's meeting.  Plaintiff also contends that

Oklahoma's Human Rights Commission "did not investigate allegations per parole hearing"

and "did not recognize my request for investigation on or about the first week April and/or

last week of March, 2007."

These vague claims do not allege constitutional deprivations sufficient to state a claim

for relief under 42 U.S.C. § 1983.  Plaintiff does not allege that the Board deprived him of

an opportunity for parole consideration, that he was denied an opportunity to present

information to the Board with respect to his request for parole, or even assert the violation

of a specific constitutional guarantee.  Plaintiff's allegation in count one of "discrimination"

under state law fails to present facts sufficient to bring the claim within the constitutional

framework of an equal protection claim. Plaintiff has alleged only violations of

administrative procedures adopted by the Board for considering inmates for parole, and such

"a violation of state law alone does not give rise to a federal cause of action under 1983."

<u>Malek v. Haun</u>, 26 F.3d 1013, 1016 (10th Cir. 1994).  Accordingly, his 42 U.S.C. § 1983

action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim for relief.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241 be dismissed without prejudice for failure to exhaust state remedies and that the Plaintiff's 42 U.S.C. § 1983 action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim for relief.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___July 5th___, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___14th___ day of ___June___, 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE