IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ELLIS E. W. TALMASEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-07-548-HE |
| | ) | |
| GOVERNOR BRAD HENRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Ellis E. W. Talmasey, a state prisoner appearing *pro se* and *in forma pauperis*, instituted this action asserting habeas and § 1983 claims. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has recommended that the action be dismissed without prejudice.

The magistrate judge determined from public records that the plaintiff is currently serving a five-year revocation sentence for a conviction for assault and battery with a dangerous weapon, and that his appeal of the revocation of the sentence entered for that conviction is currently pending in the Oklahoma Court of Criminal Appeals. The magistrate judge had problems deciphering the plaintiff's claims, but found that he appeared to be challenging the procedures followed during a March 27, 2007, parole review proceeding.

The magistrate judge determined that, to the extent the plaintiff is seeking habeas relief for alleged constitutional violations related to his conviction and sentence or the revocation of that sentence, the plaintiff has not shown he has exhausted his available state remedies. To the extent the plaintiff is challenging his individual parole hearing and seeks a new parole review, the magistrate judge found that claim also seeks habeas relief and should be dismissed as the

plaintiff has not shown he has exhausted available state remedies. Finally, to the extent the plaintiff is seeking monetary damages or injunctive or declaratory relief under 42 U.S.C. §1983 for alleged constitutional deficiencies in parole procedures, the magistrate judge found that his vague assertions did not allege constitutional deprivations sufficient to state a claim for relief and should be dismissed pursuant to 28 U.S.C. § 1915A(b).

The plaintiff has filed an objection asserting that he has requested legal counsel due to the complexity of the issues surround his incarceration and has exhausted all state remedies.[1] He also filed a motion for discovery and a motion to disqualify Magistrate Judge Purcell.

Having conducted a de novo review, the court concurs with the magistrate judge that the plaintiff's habeas claims are unexhausted and he has not stated a claim under § 1983. Accordingly, the court adopts the Report and Recommendation. This action is **dismissed without prejudice**. The plaintiff's motion for discovery [Doc. #13] is **denied** as being premature. His motion to disqualify the magistrate judge [Doc. #14] is groundless and is **denied**.

**IT IS SO ORDERED**.

Dated this 21st day of Sept., 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] Attached to the plaintiff's objection is a "Motion Dilatory," in which the plaintiff requests a continuance until counsel is appointed to represent him. As Magistrate Judge Purcell denied the plaintiff's request for counsel on June 14, 2007 [Doc. #11 referencing Report and Recommendation, final para.], and the plaintiff has filed an objection to the Report and Recommendation, the requested continuance, if not moot, is denied. To the extent the plaintiff is reurging his request for appointed counsel, his request is denied.